UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDRA OROZCO VELAZQUEZ,

Plaintiff,

v.

SERGIO ALBARRAN, et al.,

Defendants.

Case No.  26-cv-04111-JD

**ORDER RE PRELIMINARY INJUNCTION**

Petitioner Sandra Orozco Velazquez filed a petition for a writ of habeas corpus against respondents Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; Todd Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Acting U.S. Attorney General, all named in their official capacities. *See* Dkt. No. 1.  Orozco Velazquez filed an application for a temporary restraining order for release from detention, Dkt. No. 2, which the Court granted, Dkt. No. 5, and the Court also ordered the parties to show cause for why a preliminary injunction should not issue, Dkt. No. 5.  The issue is now fully briefed,  Dkt. Nos. 8, 9, and resolution is appropriate on the papers.  Civ. L.R. 7-1(b).  The hearing set for May 18, 2026 is vacated, and a preliminary injunction is granted.

The parties' familiarity with the record is assumed.  The salient facts are undisputed, and the government has not indicated that any material facts have changed since the TRO was granted. Orozco Velazquez has raised a serious legal question, and demonstrated a likelihood of success, with respect to the merits of whether she may be detained in the circumstances presented here, and has also made a sufficient showing on the other factors that the Court considers when granting a preliminary injunction. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, No. 25-CV-03070-JD,

2025 WL 1755442, at *8 (N.D. Cal. June 24, 2025) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); Dkt. No. 6.

The Due Process Clause of the Fifth Amendment guarantees that the government may not deprive any person of liberty without due process of law. *See* U.S. Const. amend. V. "Freedom from imprisonment -- from government custody, detention, or other forms of physical constraint -- lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted). The guarantee applies in full force to "all 'persons' in the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," and to "an alien subject to a final deportation order." *Id*. at 693 (citation omitted). The due process required by the Fifth Amendment typically entails a pre-deprivation hearing. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property" (emphasis in original)).

The Court has granted preliminary injunctive relief on these grounds in other cases like this one. *See Myke Jonathan Cux Jocop v. Albarran et al.*, 25-cv-9059-JD, Dkt. No. 10 (N.D. Cal. Nov. 7, 2025). There is no good reason to reach a different conclusion here. The allegations in the petition raise a serious question with respect to whether the detention of Orozco Velazquez complies with the Due Process Clause and traditional notions of procedural fairness. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). For the other factors of injunctive relief, there is no question that Orozco Velazquez is experiencing immediate and irreparable harm from detention. *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (noting "the irreparable harms imposed on anyone subject to immigration detention"). In addition, the public interest in due process weighs in his favor. *See Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

The government's legal contentions do not present good reason to depart from the Court's reasoning. The Court declined the government's arguments in other cases, as have just about every other district court to consider them. *See, e.g., Caicedo Hinestroza et al. v. Kaiser et al.,* 25-cv-07559-JD, Dkt. No. 8 (N.D. Cal. Sept. 9, 2025); *Bautista Pico v. Noem*, No. 25-cv-8002, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025), *appeal docketed*, No. 26-459 (9th Cir. Jan. 22, 2026).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

Consequently, a preliminary injunction is granted on the ensuing terms, modified from the temporary restraining order.  If circumstances change materially, the government may request a modification of the injunction.

(1)  Respondents and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner Sandra Orozco Velazquez without a pre-detention hearing before a neutral decisionmaker.

(2)  Respondents and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from transferring petitioner Sandra Orozco Velazquez out of the District without the Court's prior approval.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so Orozco Velazquez need not give security under Federal Rule of Civil Procedure 65(c).  *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

The parties are directed to jointly propose by June 12, 2026, a briefing schedule on the petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: May 15, 2026

JAMES DONATO
United States District Judge

3